CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 29 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DARLENE A. BLACKWELL, | ) | CASE NO. 5:07CV00001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE[1], | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 27, 2004 claim for supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 et seq., is before this court under authority of 28 U.S.C. § 636(c), the parties having consented to the dispositive jurisdiction of a United States Magistrate Judge. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, an Order will enter REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was thirty-four years old on her alleged disability onset date, May 23, 2003. (R. 23.) The Law Judge further found that plaintiff had an eighth grade education and light to medium, unskilled past relevant work as a stock clerk, housekeeper,

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant.

production worker and cashier. (R. 23.)[2] The Law Judge determined that plaintiff suffered severe impairments, namely bilateral knee degenerative joint disease, mild degenerative disc disease of the lumbosacral spine and obesity[3], yet none of these impairments, viewed alone or in combination, met or equaled any listed impairment. (R. 19-20.) The Law Judge concluded that plaintiff could perform a full range of sedentary work, specifically finding she could sit for six hours in an eight-hour day, stand/walk for two hours in an eight-hour day, lift up to 10 pounds frequently, sustain concentration and attention, attend tasks and meet regular attendance standards. (R. 20.) In arriving at these conclusions, the Law Judge determined that while plaintiff suffered impairments reasonably expected to produce some of the symptoms alleged, her statements concerning their intensity, duration and limiting effects were "not entirely credible," as she performed various enumerated daily activities and "only" attended "pain management every three months." (R. 21.) Further, the Law Judge credited the opinions of the non-examining personnel employed by the State Agency over those of plaintiff's treating and examining doctors. (R. 22-23.)[4] Applying the Medical-Vocational Guidelines ("grids") both dispositively upon the presumption plaintiff suffered no non-exertional limitations, but without reference to any evidence of a vocational expert (VE), the Law

---

[2]The Law Judge found that plaintiff had an eighth grade education, based on the information furnished in her application. (See R. 23, Finding 7.) However, plaintiff explained at the hearing that, while she entered the eighth grade, she did not complete it. (R. 290.) There seems to be no dispute that she reads only at a sixth grade level.

[3]The Law Judge noted that plaintiff is 5'4" and weighs 314 pounds. (R. 22.)

[4]According to the Law Judge, the non-examining State Agency personnel believed plaintiff could perform "sedentary to light" exertional activity. (R. 22.)

2

Judge found she was not disabled under the Act. (R. 23.)[5]

Plaintiff appealed to the Appeals Council. On November 3, 2006, the Council found no reason under the rules or on the record to grant review. (R. 6-8.) Therefore the Council denied review, adopting the Law Judge's decision as a final decision of the Commissioner. This action ensued.

Plaintiff argues in her Brief in Support ("Pl.'s Brief") that the court should grant judgment to her for the following reasons: 1) The Law Judge ignored significant medical evidence corroborating the severity of her physical impairments, including disabling pain; 2) The Law Judge ignored the effects of her obesity and the combined effects of all of her maladies as required under Social Security Ruling (SSR) 02-1p; 3) The Law Judge ignored the treatment records of a psychiatrist, Michael Hoffman, M.D., when he found she suffers no non-exertional limitations because she failed to see a mental health professional; and 4) The Law Judge mechanically applied the grids notwithstanding the presence of non-exertional limitations. (Pl.'s Brief at 2.)

The Commissioner, on the other hand, has gone to considerable effort in the Brief In Support Of His Motion For summary judgment ("Def.'s Brief") to summarize the medical and vocationally relevant evidence from the record in the case. He reminds the court of plaintiff's relative youth, thirty-four years old, her education and past relevant work experience, and details her essentially self-reported daily activities shown by the substantial evidence in the case. (Def.'s Brief at 2-3.) He also fairly summarizes the medical evidence in the case from both treating and examining sources, as well as from the State Agency review personnel. (Def.'s Brief at 3-7.) Throughout this

---

[5] A VE was present at the hearing but was examined by the Law Judge only on matters relating to plaintiff's past relevant work. (R. 316-318.)

3

summary, the Commissioner clearly acknowledges the presence of plaintiff's severe impairments, essentially as the Law Judge found, but he highlights the consistency of treatment recommendations, namely that plaintiff remain on her medication, lose weight, exercise and consider the use of a muscle stimulator to reduce pain. (*Id.* at 4-6.) He also points out to the court that at various times during the course of her treatment the physicians observed, *inter alia*, that medication reduced her pain, that her physical examinations remained essentially unchanged, that her condition improved with treatment and that she remained on a conservative course of treatment for her symptoms. (*Id.* at 5-7.)

In addition, the Commissioner offers that there is no evidence from plaintiff's doctors indicating that she cannot work, and he points to her own application revealing that her doctors had advised she could work and the evidence of the DDS review personnel that she has the residual capacity for sedentary work, as substantial evidence supporting the Law Judge's capacity findings. (Def's Brief at 8; R. 153, 163-178.) The Commissioner believes that this evidence also provides substantial support for the Law Judge's determination that plaintiff's testimony and written statements about the effects of her maladies were not entirely credible, particularly in light of the routine conservative treatment prescribed and her daily activities. (Def.'s Brief at 8-10.)

Turning to plaintiff's contention that the Law Judge failed to properly consider her obesity under SSR 02-1p, the Commissioner interprets *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3rd Cir. 2005), to hold that a Law Judge is not required to consider separately a claimant's obesity. (*Id.* at 12.) Even so, the Commissioner argues that the Law Judge included consideration of plaintiff's obesity, albeit indirectly, in his finding that it was a severe impairment. (*Id.* at 13.) Furthermore, the Commissioner believes that the Law Judge adequately developed the record as to plaintiff's

4

claimed mental impairment. (*Id.*) He reminds the court that the plaintiff has the burden to prove the presence of an impairment which disables her from her past relevant work, and it is not the Commissioner's duty to go to extraordinary lengths to develop a case, again citing out-of-circuit authority for the proposition. (*Id.*)

Finally, the Commissioner argues the propriety of the Law Judge's total reliance on the grids to compel a conclusion at the final level of the sequential analysis that she was not disabled. He notes that it is the Commissioner who determines whether a claimant has the ability to meet the non-strength requirements of a job. (Def.'s Brief at 14; 20 C.F.R. § 416.969.) He takes the position that the medical evidence did not require a finding that plaintiff's impairments produced non-exertional limitations, and that when her credibility was discounted and her daily activities taken into account, the application of the grids at the final level of the evaluation was quite appropriate. (Def.'s Brief at 14-15.)

In the instant case, plaintiff carried her initial burden in the sequential evaluation process by demonstrating the presence of severe impairments which prevent her from performing her past relevant work. *See* 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992).[6] Thus, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to plaintiff, a burden which would require the presentation of vocational evidence if there were non-exertional limitations on her ability to perform work-related functions. *See Hall v.*

---

[6]The Law Judge determined the nature of plaintiff's past relevant work both by reference to the VE's testimony and to the *Dictionary of Occupational Titles* (DOT). (R. 23.) Under 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2), the Commissioner may rely on evidence concerning whether the claimant can perform his/her past work, "either as the claimant actually performed it or as generally performed in the national economy." Thus, use of either or both sources appears permissible.

5

*Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). Moreover, for the testimony of a VE to be relevant, the VE is required to have considered all the evidence in the record material to a plaintiff's limitations and their effects on his work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the VE's testimony cannot be considered sufficient to discharge the Commissioner's sequential burden, and the plaintiff would be entitled to an award of benefits based on the plaintiff's unrebutted *prima facie* case.

The Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545 and 416.927-945; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). Thus, a reviewing court should not second-guess the Commissioner's resolution of those matters, but must determine whether his decision in those respects is supported by substantial evidence in the record as a whole.

The court believes that the Commissioner has the better of the arguments on every point raised by plaintiff except those related to the effects of her obesity on her work-related capacity, and whether she suffers non-exertional limitations which would bar the use of the grids in lieu of evidence adduced from a VE. While there is no longer a specific listing for obesity, SSR 02-1p, clearly recognizes it as an impairment which, alone or in combination with other impairments, may produce disabling effects. Under this ruling, any diagnosis of obesity is to meet the medical criteria set forth by the National Institutes of Health (NIH) clinical guidelines which classify overweight and obesity according to Body Mass Index (BMI). Obesity represented by a BMI of 40 and above is termed "extreme," and represents the highest risk for developing obesity-related impairments

affecting many of the body's systems. The ruling also recognizes that treatment for obesity often is not successful and weight is gained despite efforts to lose or maintain weight loss. A determination of whether a claimant has failed to follow treatment for obesity will be made **only** after the claimant has been determined to suffer disabling obesity.

Under SSR 02-1p, the Commissioner is to conduct a sequential evaluation within the larger sequential evaluation which asks both medical and vocational questions about the claimant's obesity. In this case the Law Judge neglected to ask or answer those medical and vocational questions, despite the clear evidence that plaintiff was 5'4" and weighed some 314 pounds and the multiple references in the medical charts to her obesity and its effects. The court declines to accept the Commissioner's argument that the Third Circuit in *Rutherford* concluded SSR 00-3p, the predecessor to SSR 02-1p, did not require specific consideration of a claimant's obesity. That court simply found that the claimant had not mentioned obesity as a factor contributing to her inability to work except in some generalized statements that it made standing, walking and manipulating more difficult. That is quite different from the case here.

Furthermore, the undersigned does not believe that the courts of this circuit who have had an occasion to assess a claim under SSR 02-1p have adopted the Commissioner's interpretation. In fact, they have held to the contrary and have remanded claims for further proceedings where the Law Judge failed to acknowledge or consider the effects of the claimant's obesity even when the claimant has not alleged with any degree of clarity that obesity was disabling or affected work-related capacities. *Stemple v. Astrue*, 475 F.Supp.2d 527 (D. Md. 2007); *Boston v. Barnhart*, 332 F.Supp.2d 879 (D. Md. 2004). Good cause has been shown to remand the case for that specific inquiry, keeping in mind that plaintiff has proved a *prima facie* case of disability upon which the

7

burden of producing evidence that jobs are available to the plaintiff would be upon the Commissioner. *See* 20 C.F.R. § 416.920.

Of course, any determination regarding the severity of plaintiff's obesity and its effects well may require additional medical and vocational evidence, if for no other reason than because these questions involve matters beyond the expertise of an ordinary trier of fact. Answers to those questions also may bear on whether plaintiff suffers non-exertional limitations and equally may impact a determination of credibility of her subjective symptoms. These matters would need to be re-examined in the process of arriving at an informed decision concerning her residual functional capacity to perform alternate gainful sedentary activity.

For these reasons, an order will enter REMANDING the case to the Commissioner for further proceedings. The order will provide that, in the event the Commissioner is unable to grant benefits on the current record, he forthwith is to recommit the case to a Law Judge for further evidentiary proceedings in which both sides may introduce additional evidence concerning the nature, extent and duration of any limitations on plaintiff's ability to perform sedentary work and where all such limitations may be considered by a VE in determining the availability of jobs for a person with such limitations.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ [signature]
U. S. Magistrate Judge

August 29, 2007
Date